Curia, per Earle, J.
There can be no doubt if Cook, on receiving the letter from the defendant, had proceeded to purchase the negro woman in compliance with the request, that he might have recovered the sum of twenty-five dollars, as so much money paid for the defendant at his instance. But in the case made, the plaintiff comes into court without having money for the defendant, and claims the privilege of *69 lending bis name to enable a stranger to recover, to whom no request was made, but who alleges be has paid money on the faith of the request made to the plaintiff. When a person has laid out bis own money for the use of another, either with the express or implied consent of such other, the law implies a promise of repayment, for breach of which an action of indebitatus assumpsit may be maintained for money paid, laid out, and expended. But the general rule which governs actions in this form, is, that -the action should be brought in the name of him who has the legal interest in the contract. Now, the plaintiff here could have no-interest in the matter, for there was in fact no contract creating a liability either by express or implied assumpsit, which could become the foundation of an action. He could not by any assignment or form of transfer,, invest Arick with the right to make the defendant bis debtor, by paying money for him, and then to use the name of Cook to recover it back. Until Cook bad acquired a right of action himself, by paying the money, there was nothing that be could assign, not even a chose in action and therefore be could not enable another to maintain an action in bis name which be himself could not maintain. It is'not like the case of a bond or a negotiable note transferred by the obligee or payee without assignment in writing; 'for there a legal interest in the contract did exist, and the delivery of the instrument which is the evidence of the debt, constitutes a power of attorney to sue in the name of the obligee or payee. If Arick paid the money for the defendant on the faith of the letter to Cook containing the request, I see no solid' objection to bis suing in bis own name. Certainly, without intending to say that be could recover, if there was any legal liability on the part of the defendant, it was to the person who actually advanced the money for him. If- it be' true that there is no privity between Arick and the defendant, as the counsel supposes, it is equally clear that there is no legal liability on the part of the defendant to the plaintiff. And we áre not to lose sight of the established rules of pleading, so essential to the rights of parties, and to the symmetry of judicial proceedings, in the pursuit of a vague equity.
I think the action derives no additional support from the declaration of the defendant, that be would have settled it if *70 Cook bad not sued him. This was probably said under the belief that Cook bad really paid the money, or if be knew otherwise, it can hardly be strained into an acknowledgment of Cook’s right to maintain the action and to recover for what be bad not paid.
The motion is refused.